| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| SONIA PLATTENBURG,<br>    Plaintiff,<br><br>*versus*<br><br>WELLS FARGO HOME MORTGAGE,<br>    Defendant. | §<br>§<br>§   CASE NO.  9:18-CV-00144-MAC<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING REPORT AND RECOMMENDATION OF
<u>UNITED STATES MAGISTRATE JUDGE</u>**

On November 8, 2018, United States Magistrate Judge Zack Hawthorn entered an order recommending dismissal of this case without prejudice for failure to prosecute under FED. R. CIV. P. 41(b) due to Plaintiff Sonia Plattenburg's failure to comply with a court order to amend her state court petition to conform with federal pleading standards. Doc. No. 20. Despite Judge Hawthorn's allowance of twenty-one days to amend, and the report and recommendation's accommodation of an additional fourteen days, Plattenburg has not complied with the order. *See* Doc. No. 17, 20.

Defendant Wells Fargo Home Mortgage (Wells Fargo) filed a limited objection to the report stating that "Wells Fargo does not object to the Magistrate's recommendation to dismiss the lawsuit, but only objects to the portion of the Report holding that the dismissal should be without prejudice." Doc. No. 21 at 1. A party who files timely,[1] written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they

---

[1] It should also be noted that Wells Fargo's objection was filed outside of the fourteen-day objection period.

object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Wells Fargo argues that dismissal should be based upon the previously filed "Motion to Dismiss under Rule 12(b)(6)." Doc. No. 10. But Wells Fargo does not offer any authority showing that a court is required to adjudicate a pending motion before dismissing a case for want of prosecution. Further, even if the court were to decide the pending motion to dismiss in Wells Fargo's favor, there is a substantial likelihood that the court would be required to grant Plattenburg leave to amend the state court petition, which would circle the parties back to the same position as they are currently. *See Hart v. Bayer Corp.,* 199 F.3d 239, 248 n.6 (5th Cir. 2000) (advising district courts to grant leave to amend complaints rather than dismissing them "unless the defect is simply incurable or the plaintiff has failed to plea with particularity after being afforded repeated opportunities to do so."). Therefore, Wells Fargo's objection that the claims should be dismissed with prejudice is overruled.

It is, therefore, **ORDERED** that the report and recommendation of the magistrate judge (Doc. No. 20) is **ADOPTED,** Wells Fargo's objection is **OVERRULED**, and Plattenburg's claims are dismissed without prejudice. A final judgment will be entered separately.

SIGNED at Beaumont, Texas, this 29th day of November, 2018.

                                      MARCIA A. CRONE
                              UNITED STATES DISTRICT JUDGE